IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

S. C. PERKINS, JR.                                        PLAINTIFF

VERSUS                                CIVIL ACTION NO. 4:15-CV-038-SA-JMV

CITY OF GREENWOOD, MS                           DEFENDANTS
& CAROLYN MCADAMS, MAYOR
INDIVIDUAL & OFFICIAL CAPACITIES

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff S. C. Perkins, Jr., by and through undersigned counsel and files this his action to recover actual damages against Defendants City of Greenwood, MS and Carolyn McAdams and for cause will show the following matters to-wit:

1.      Plaintiff S. C. Perkins, Jr. is an adult resident citizen of 1009 Medallion Street, Greenwood, MS.

2.      Defendant City of Greenwood, MS is a political subdivision of the State of Mississippi organized under the laws of the State of Mississippi. It is governed by the Mayor and a City Councilmen of seven (7) members. At all relevant times herein, the City of Greenwood, MS, acted under color of State law and it may be served with process through its Mayor, Carolyn McAdams, 101 West Church Street, Greenwood, MS 38930.

3.      Defendant Carolyn McAdams is the Mayor of the City of Greenwood who may be served with process at 101 West Church Street, Greenwood, MS. She is sued in her individually and official capacity. At all times relevant herein defendant, in her official capacity, was acting

1

under color of State law.

4. This court has federal question jurisdiction under 28 U.S.C. Section 1331 and civil rights jurisdiction under 28 U.S.C. Section 1343, for a cause of action arising under the Civil Rights Act of 1866, 42 U.S.C. Section 1981, under the First Amendment and Fourteenth Amendment and under the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5, *et seq.*, as amended by the Civil Rights Act of 1991. This action is authorized by 42 U.S.C. Section 1983. This court has supplemental juris over plaintiff's State law claims.

5. Plaintiff, a sixty seven (67) years old African American, was employed with the Police Department of the City of Greenwood, MS, since January 13, 1989.

6. During his tenure as an employee with the Greenwood Police Department, plaintiff had received good ratings on his evaluations for the last 25 years and up until his forced resignation.

7. That during February 1995, plaintiff was promoted to the position of Litter Officer/Patrolman and later promoted to the position of Litter Officer/Sergeant.

8. That Defendant McAdams disliked plaintiff because of his political association and she engaged in a scheme to get rid of him as an employee. Defendant McAdams disliked plaintiff because his sister-in-law, Mrs. Sheriel Perkins ran against her as Mayor during the June 4, 2013, mayoral election and defendant believed plaintiff supported and voted for Mrs. Sheriel Perkins.

9. Further, that Defendant McAdams disliked plaintiff because of his brother whom she despised and hated. Defendant McAdams despises and hates Attorney & State Representative Willie J. Perkins, Sr., because he successfully defended a lawsuit she filed against the Greenwood city councilmen in 2009 and because he is representing his wife in a pending

2

election contest against Defendant McAdams from the June 2013 mayoral race. Also, Defendant dislikes plaintiff's brother because his brother, in his legislative capacity, prevented Defendant McAdams from wasting taxpayers money.

10. After the June 2013 election and the filing of the above mentioned mayoral election contest lawsuit by Atty. Perkins on behalf of Sheriel F. Perkins against Defendant McAdams, she intensified and increased her efforts to get rid of plaintiff. Defendant made verbal non-meritorius complaints against him and pressured Chief of Police Johnny Langdon to force plaintiff from his position.

11. That after much dictation and instructions to force plaintiff out of his position, by transferring him to a shift to be placed back on the streets, Chief Langdon removed plaintiff from his position as Litter Officer and placed him on a shift by Memorandum dated December 18, 2013, to become effective January 2, 2014. Also, Chief Langdon, followed the instruction and dictation of Defendant McAdams and replaced plaintiff's position by promoting William Blake, a younger and junior white male patrolman, as Litter Officer.

12. On December 19, 2013, a day after plaintiff was given Chief Langdon's Memorandum to transfer him to a shift, plaintiff was forced to resign and submitted his Pre-Application for Service Retirement Benefits.

13. Plaintiff was forced to resign because the removal and transfer was a demotion and resulted in a diminution in his status and position with the police department. In addition, plaintiff a 67 years old person would have been forced to work in a hostile and intolerable environment by being placed on rotation shift with different hours and days and would be forced to run and chase suspects and tussle with them to restrain and arrest them.

14. Prior to the demotion and transfer to a shift, plaintiff's work schedule as a Litter Officer was 8:00 a.m. - 5:00 p.m. on Monday - Friday with his being off on weekends. By being placed on a shift, plaintiff had to work each of the three different shift hours namely, 6:00 a.m. - 2:00 p.m.; 2:00 p.m. - 10:00 p.m.; and 10:00 p.m. - 6:00 a.m. Also, plaintiff would not have his weekends off, but would have been required to work each day according to the rotation of his assigned shift.

15. Plaintiff is an ordained minister and pastor of two churches. The placement of him on a shift conflicted with his duties and obligations as a pastor on Sunday services and afternoon special programs, his annual revival week and Bible Study nights. The mayor, chief and entire department knew he was a pastor.

16. That Defendants, the chief and entire police department knew plaintiff was a pastor with religious obligations and responsibilities. Thus their conduct and actions constitutes religious discrimination and violates Title VII.

17. Prior to Defendant McAdams' scheme to discriminate and retaliate against plaintiff, plaintiff had been working the same hours and days for over nineteen (19) years.

18. That plaintiff has always engaged in his First Amendment rights of association by supporting his sister-in-law campaign for mayor against Defendant McAdams.

19. Defendant McAdams expressed her concerns with Chief Langdon and immediate prior Chief Henry Purnell, that she needed to get rid of plaintiff because he was not supporting her bid for re-election as mayor. In addition, Defendant McAdams constantly dictated to former Chief Purnell to demote, transfer, discipline or terminate plaintiff as a litter officer but he refused to do so until she gave him a formal or written complaint.

20. That at all times mentioned hereinabove and hereinafter and during the relevant period of employment, out of at least nine identifiable less senior officers ranked as sergeants, no non-black employee or non-male employee was transferred.

21. The primary discriminatory motivations of defendants to force plaintiff's resignation were his race, age, gender, religion and in retaliation because of the exercise of his First Amendment right of association with political candidates of his choice.

22. Plaintiff filed an EEOC charge and Amended EEOC charge with the Equal Employment Opportunity Commission (EEOC) on June 4, 2014, and September 11, 2014, respectively. A copy of the same is attached hereto as Composite Exhibit "A".

23. On February 18, 2015, plaintiff received by certified mail, his Right-To-Sue Letter from EEOC, attached hereto as Exhibit "B".

24. The actions of defendants in forcing plaintiff's resignation due to his race (African American) violated

    A. the Civil Rights Act of 1866 (42 U.S.C. § 1981) since plaintiff was not allowed the same equal opportunity to contract as a white person;

    B. the equal protection clause of the Fourteenth Amendment of the United States Constitution, since plaintiff lost his position because of his race; and

    C. the Civil Rights Act of 1964 because plaintiff lost his position because of his race.

25. The actions of defendants in causing plaintiff to be replaced with a younger, less qualified white person:

    A. violated the Civil Rights of 1866 (42 U.S.C. § 1981), since plaintiff was not allowed the same equal opportunity to contract as a young

5

       white person;

B.    violated the equal protection clause of the Fourteenth Amendment of the United States Constitution, since plaintiff's race was a substantial factor in his losing his job; and

C.    violated the equal protection clause of the United States Constitution, Amendment Fourteen and the Age Discrimination Act, since plaintiff's age (67) and the age of his replacement (young), indicated an attempt to treat old and younger persons differently.

26.    That the actions of defendants described hereinabove violate plaintiff's rights protected and secured by the United States Constitution, First Amendment Rights of Association.

27.    That acts and conduct of defendants in retaliation against plaintiff for supporting the political candidate of his choice constitutes a violation of the anti-retaliation provisions of Title VII.

28.    That the acts and conduct of defendants in transferring plaintiff to a shift interfered with his religious obligations constituting religion discrimination prohibited by Title VII and the U. S. Constitution.

29.    That the acts and conduct of transferring only one sergeant, namely plaintiff, during the relevant employment period, and no non-black or female employee ranked as sergeant with the police department constitute discrimination on the grounds of gender and race.

30.    As a result of these violations, plaintiff is entitled to recover damages including back pay, front pay, prejudgment interest, post-judgment interest, emotional distress/mental suffering, inconvenience, out-of-pocket expenses, attorney's fees, litigation expenses and costs of court.

       WHEREFORE, PREMISES CONSIDERED, plaintiff seeks a judgment against

6

the defendants for actual and compensatory damages of not less than $1,000,000; punitive damages against Defendant Adams of not less than $1,000,000; and judgment against all defendants for prejudgment interest, post-judgment interest, attorney's fees, litigation expenses and costs of court. Plaintiff prays for all other relief to which he may be entitled under the facts and the law.

Respectfully submitted, this the 7th day of April, 2015.

S. C. PERKINS, JR.

BY: _____
WILLIE J. PERKINS, SR., MSB #4122
HIS ATTORNEY
Post Office Box 8404
Greenwood, MS 38935-8404
Telephone: 662-455-1211
Telecopier: 662-453-9159
Email:perkinslawofc@bellsouth.net

OF COUNSEL:

THE PERKINS FIRM, PLLC
Post Office Box 8404
Greenwood, MS 38935-8404
Telephone: 662-455-1211
Telecopier: 662-453-9159
Email:perkinslawofc@bellsouth.net